IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ifedoo Noble Enigwe,

    Plaintiff,

  v.                                                 Case No. 2:07-CV-250
                                                        JUDGE GRAHAM

Diversity City Media, et al.,

    Defendants.

**OPINION AND ORDER**

On April 23, 2007, *Pro Se* Plaintiff, Ifedoo Noble Enigwe (Enigwe) filed suit against BlackPr.com, dba Diversity City Media, Inc., (Diversity) for breach of contract and false advertising. Diversity answered denying the allegations in the complaint. On February 29, 2008, Enigwe filed a motion for summary judgment asserting that no genuine issue of material fact existed. Diversity responded to that motion on May 9, 2008. Enigwe filed his reply on May 21, 2008. After reviewing the parties filings, this Court found that neither party had complied with the rules of civil procedure and ordered the parties to file cross-motions for summary judgment that comported with Fed. R. Civ. P. 56. The matter is now before the Court on cross motions for summary judgment filed by Enigwe on June 18, 2008 and by Diversity on June 23, 2008. As set forth below, Enigwe's motion is denied and Diversity's motion is granted.

**I.**    **Facts**

Diversity is a press release distribution service located in Columbus, Ohio. Customers of Diversity write their own press release and then pay Diversity a flat fee to

1

have their press release disseminated through email and fax broadcast to various media outlets. Diversity specifically targets Black media. Although Diversity guarantees that it will distribute the press release, it does not guarantee that the media outlets that receive the press release will actually use or further distribute the release.Enigwe is currently incarcerated at the Federal Penitentiary in Lisbon, Ohio and was incarcerated there at the time the facts giving rise to this suit occurred. The Court has jurisdiction based on diversity of citizenship because Enigwe's place of domicile is Pennsylvania, where he was a resident when he was arrested. <u>Stifel v. Hopkins</u>, 477 F.2d 1116, 1124 (6th Cir. 1973) (there is a rebuttable presumption that a prisoner retains his former domicile after incarceration).

On or about October 24, 2006, Enigwe responded to an advertisement for Diversity's services. Enigwe paid $150.00 to Diversity City for the purpose of having a press release for his novel, <u>Mixed</u> <u>Blessings</u>, disseminated by Diversity. It was Enigwe's understanding that the Diversity would distribute the press release to over 850 news outlets. For an additional $25.00, Diversity would also post the press release as an article on its affiliated website, BlackNews.com, and in their weekly newsletter. Enigwe is satisfied that information was posted on Blacknews.com, but alleges that Diversity failed to distribute press releases to 850 news outlets as promised and that this failure constitutes a breach of contract. Enigwe also asserts that Diversity engaged in false advertising because it never sent the press release to the 850 media outlets. Enigwe claims that Diversity's failure to perform caused him to lose an additional $4,500.00 for advertisements he placed in the New York Times Book Review and Bloomsbury Review, which he strategically timed to "complement the expected response of the news media distribution of plaintiff's press release." (Doc. 28 at p. 1). Diversity asserts that it sent the press release as promised and

therefore complied with the terms of the contract.

## II.  Legal Standard

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See, LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction & Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992)(per curium). Enigwe, as the party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Adcox v. Teledyne, Inc., 810 F. Supp. 909 (N.D. Ohio 1992)(citing Fed. R. Civ. P. 56(c)). On those issues for which it shoulders the burden of proof, the moving party must make a showing that is sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party. Alpha Enters. v. Tomato Land Display Sys., 92 F. Supp. 2d 733 (S.D. Ohio 2000).

## III.  Analysis

In a diversity action, a federal court applies the choice of law rules of the state in which the court sits. See, Extracorporeal Alliance, L.L.C. v. Rosteck, 285 F. Supp. 2d 1028 (N.D. Ohio, 2003).  Under Ohio law, subject to limited exceptions, courts should apply the law of the state chosen by the parties to a contract to govern their contractual rights and duties. Ohayon v. Safeco Ins. Co., 91 Ohio St. 3d 474, 477; 747 N.E.2d 206, 209 (Ohio

2001). Absent such a choice by the parties, Ohio's choice of law rules require a court to apply the law of the state with the most significant relationship to the contract. Id. at 477, 209. To determine which state has the most significant relationship to the contract, Ohio has adopted the test set forth in the Restatement 2d of Conflict of Laws, § 188. Gries Sports Enterprises, Inc. v. Modell, 15 Ohio St. 3d 284, 287, 473 N.E.2d 807, 810 (1984). Under the Restatement test, the Court will consider such facts as the place of contracting, the place of negotiating the contract, the place of performance, the location of the subject matter of the contract, and the domicile, residence, nationality, place of incorporation and place of business of the parties. Id.

Applying this analysis, Ohio clearly has the more significant relationship to the contract. Enigwe signed the contract while in Ohio and sent payment to Diversity which is located in Columbus, Ohio. Enigwe is currently incarcerated in Ohio. Thus, the Court will apply Ohio law to the substantive issues at hand.

Under Ohio law, to recover on a breach of contract claim, a plaintiff must prove "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." Powell v. Grant Med. Ctr., 148 Ohio App.3d 1, 10, 771 N.E.2d 874, 881 (Ct. App. 2002). In order to prove a breach by the defendant, a plaintiff must show that the defendant "did not perform one or more of the terms of a contract." Little Eagle Props. v. Ryan, No. 03AP-923, 2004 Ohio 3830 (Ct. App. June 30, 2004).

The parties do not dispute the existence of a contract, nor do they dispute that Enigwe performed pursuant to the contract. Rather, the disputed issue is whether Diversity failed to perform one or more terms of the contract. Enigwe alleges that Diversity was obligated not only to post his press release on BlackNews.com, but also to send out his

press release to 850 black news media outlets. According to the Enigwe, Diversity posted the release on the website, but breached the remaining terms of contract when it failed to send the press release to the 850 news media outlets. The basis of Enigwe's argument stems from two alleged facts: 1) All the book sellers, fans and newspapers who contacted Enigwe after he contracted with Diversity, indicated that they learned about his book from an article posted on BlackPr.com and not from any press release  and 2) Diversity failed to provide the names of the editors it contacted at the news media outlets and the email address and fax numbers used to send the press release. It is Enigwe's position that these combined facts establish that Diversity never sent the press releases as it was required to do and therefore breached the contract.

In response to Enigwe's motion, and in support of its own motion for summary judgment, Diversity has provided documentation purporting to show that the press releases were sent as promised. Attached to Diversity's motion for summary judgment, is an affidavit verifying that the discovery responses provided to Enigwe were accurate and true and constituted business records. In those discovery responses, Diversity provided a copy of a "sent email summary" which indicates that on November 7, 2006, Diversity sent 38,715 emails with "Mixed Blessings" as the subject. The affidavit of President and CEO of Diversity, Dante Lee, indicates that this document shows that the press release was distributed to the media outlets via email. (Dante Aff. at ¶. 12). Dante avers that Diversity did in fact distribute Enigwe's press release to Diversity's list of black media outlets. (Dante Aff. at ¶ 14).

Enigwe has failed to establish there are no genuine issues of material fact which would require a reasonable jury to find in his favor. Enigwe's argument that a breach has

5

been established by virtue of the fact that all the individuals who contacted him through his website indicated that they had heard about his book through Diversity's website, BlackPr.com, rather than through a press release, is flawed. This fact does not contradict Diversity's evidence showing that the press release was emailed to media outlets as promised. At most, Enigwe's argument only shows that the media outlets who received the press release chose not to use the press release. Diversity does not guarantee or control whether the media outlets that receive the press release will use or further distribute the press release. (Dante Aff. at ¶ 8). Enigwe also argues that a breach has been established by virtue of the fact that Diversity has refused to provide a list of the media outlets to whom the press release was sent and by the failure to provide him with the names of the editors to whom the release was sent, email addresses used, and proof that the releases weren't blocked as "spam." However, on its website, Defendant provides a list of the black media outlets to whom press releases are sent and it has provided evidence that it sent the press release to the media as promised.

Diversity has presented evidence establishing that it performed the terms of the contract. It has provided verified documentation showing that the press release was emailed on November 7, 2006. (Dante Aff. at ¶ 12; Doc. 29, Ex. A, p. 7). The media outlets to whom press releases are sent are listed on Diversity's website and are provided in the answers to Enigwe's interrogatories. Enigwe has produced no evidence to contradict Diversity's documentation establishing that the press release for <u>Mixed Blessings</u> was sent as promised.

**IV.    Conclusion**

For the reasons set forth herein, Enigwe's Motion for Summary Judgment (doc. 28)

is DENIED.  Diversity's Motion for Summary Judgment (doc. 29)  is GRANTED. The clerk shall enter final judgment in favor of the Defendant dismissing Plaintiff's complaint with prejudice at Plaintiff's cost.

It is so ORDERED.

s/James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: August 5,  2008